UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNAMALAI ANNAMALAI, also known as Swamiji Sri Selvam Siddhar,
Petitioner,

v.

ANDREW COOPER, Warden,
Respondent.

CASE NO. 2:26-cv-03273-TL-GJL

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Petitioner Annamalai Annamalai's Motion for Temporary Restraining Order ("TRO") (Dkt. No. 8). Having reviewed the Motion for TRO and the relevant record, the Court DENIES the Motion for TRO and ORDERS Petitioner to show cause why this matter should not be dismissed.

Petitioner, proceeding pro se, files the petition in this action contesting the "[u]nlawfful removal of 45 days of FSA [(Fair Start Act)] credits" and requesting "immediate placement at RCC/Half way house pursuant to 18 U.S.C. § 3632(d)(4)(C)." Dkt. No. 6 (First Amended Petition) at 2. Petitioner alleges that he is entitled to "all the times I have lost in TRANSIT

between various BOP facilities," particularly in light of a new BOP rule that went into effect in or around September 30, 2026. *Id.* at 6. On October 5, 2026, Petitioner filed the Motion for TRO, seeking "an immediate order to place me in the RRC/Half way house, with the direction to update my FSA assessment records in compliance with the new-interim Rule of the FBOP[.]" Dkt. No. 8 at 9.

This is only one of several recent Petitions for Habeas Corpus filed by Petitioner in this district. *See Annamalai v. Cooper*, C26-2691, 2026 WL 2583877, at *1 (W.D. Wash. Sept. 1, 2026); Notice of Voluntary Dismissal, *Annamalai v. Cooper*, C26-3240 (W.D. Wash. Oct 7, 2026). In the C26-2691 case, dismissed by the Honorable Benjamin H. Settle, United States Senior District Judge, on September 1, 2026, Petitioner similarly challenged the calculation of early release credits Petitioner believed he had earned under the First Step Act. 2026 WL 2583877, at *1. Judge Settle dismissed the action upon finding that the same claims pending in that case were also before the Central District of California in *Annamalai v. Birkholz,* 26-cv-02051-MWC. *Id.* at *2. Judge Settle reasoned:

> As Petitioner's claims are duplicative of claims in an earlier filed habeas action that is pending in the Central District of California, the Court defers to the jurisdiction of that Court and finds it appropriate to dismiss the present habeas matter. *SAES Getters S.p.A. v. Aeronex, Inc*., 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002); *see also R.R. St. & Co. Inc. v. Transp. Ins. Co*., 656 F.3d 966, 974–75 (9th Cir. 2011) ("[C]ourts usually avoid duplicative litigation when similar cases are pending in two different federal courts . . . .") (emphasis omitted). The Court finds transferring this matter to the Central District of California is inappropriate because the claims brought here are already pending there, and if Petitioner seeks to add additional facts to his claims, he should do so in the earlier filed action.

2026 WL 2583877 at *2. Because "Petitioner has no right to proceed on two separate habeas petitions that raise the same claims," Judge Settle concluded the case should be dismissed without prejudice and without leave to amend. *Id.* (collecting cases).

Whether or not there is any substantive difference between the instant petition and the petition dismissed by Judge Settle, it appears evident that the claims asserted here are also present in *Birkholz*, which is still pending in the Central District of California. In the operative complaint in that action, Petitioner identified the action as a "First Step Act credit matter with issues of placement in RRC/Half way house." Second Amended Complaint at 2, *Annamalai v. Birkholz*, No. C26-2051 (C.D. Cal. June 24, 2026), Dkt. No. 29. In a motion for TRO filed in that action the same day as the Motion for TRO before this Court, Petitioner asks for "an order to place me in the RRC/Half way house 'immediately' and a credit for 'ALL' of the days I was <u>in transit</u> and also in the <u>U.S. Marshal Custody</u> in such underlying periods as well." Motion for Temporary Restraining Order at 1, *Annamalai v. Birkholz*, No. C26-2051 (C.D. Cal. Oct. 5, 2026), Dkt. No. 69. Petitioner also invokes the new BOP rule in that motion as a basis for relief. *Id.* at 2. Therefore, it appears that the relief Petitioner seeks here is already under consideration by another court and, to the extent that "Petitioner seeks to add additional facts to his claims, he should do so in the earlier filed action." *Annamalai v. Cooper*, 2026 WL 2583877, at *2.

For the foregoing reasons, the Court finds it likely that this case should be dismissed and will order Petitioner to show cause why it should not. This finding also compels the Court to deny Petitioner's Motion for TRO. "A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is 'never awarded as of right.'" *Kovalenko v. Epik Holdings*, No. C22-1578, 2022 WL 16737471, at *2 (W.D. Wash. Nov. 7, 2022) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). To obtain a TRO, Petitioner "must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Holthouse v. Wash. Dep't of Corr.*, No. C25-5257, 2025 WL 1167659, at *1 (W.D. Wash. Apr. 22, 2025) (quoting *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir.

2022) (en banc)) (discussing standard for a preliminary injunction and noting that the standard for a TRO is "substantially similar"). "The first factor 'is a threshold inquiry and is the most important factor.'" *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "Thus, a 'court need not consider the other factors' if a movant fails to show a likelihood of success on the merits." *Id.* (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)). Here, because it is likely that this action should be dismissed, it is unlikely that Petitioner will succeed on the merits in this forum, and the TRO must be denied. Petitioner is further unlikely to succeed because "courts lack jurisdiction over BOP decisions regarding FSA time credits." *Annamalai*, 2026 WL 2242835, at *1 (citing *Barrios v. Doerer*, No. C24-1826, 2025 WL 2433861, at *4 (C.D. Cal. July 3, 2025), *report and recommendation adopted*, 2025 WL 2433197 (Aug. 20, 2025)).

Accordingly, the Motion for TRO (Dkt. No. 8) is DENIED. It is further ordered:

(1) Petitioner SHALL SHOW CAUSE, within fourteen (14) days of the date of this order, why this action should not be dismissed as duplicative of the earlier-filed habeas action that is pending in the Central District of California.

(2) The undersigned will consider Petitioner's response to this Order, if any. For any further motions, this matter SHALL remain referred to the Honorable Grady J. Leupold, United States Magistrate Judge.

(3) If Petitioner fails to submit a satisfactory response by the deadline, this matter will be dismissed without prejudice and without leave to amend.

Dated this 9th day of October, 2026.

Tana Lin
United States District Judge